IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:92-328 |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Brinston Wilson, | ) | |
| | ) | |
| Movant. | ) | |

  This matter is before the court on Brinston Wilson's ("Wilson") motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Wilson is a federal prisoner proceeding pro se. The United States Court of Appeals for the Fourth Circuit has admonished the court to be watchful and distinguish "a proper Rule 60(b) motion from a successive [motion pursuant to 28 U.S.C. § 2255] in 60(b)'s clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (internal quotation marks omitted). "[A] district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive [§ 2255 motion]." Id. at 206. Furthermore, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals." Id. at 205. Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims." Id.

  Therefore, the court must distinguish a proper Rule 60(b) motion from a successive § 2255 motion. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255 motion], while a motion seeking a remedy for some

1

defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207. Wilson's motion attacks the validity of his conviction and sentence. Therefore, the court construes Wilson's instant motion as one to vacate, set aside, or correct his sentence pursuant to § 2255.[1] Because Wilson has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. As Wilson failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Wilson's motion is dismissed. Id. at 205.

Therefore, it is

**ORDERED** that the Clerk of Court shall assign a civil docket number and docket this case as a motion pursuant to 28 U.S.C. § 2255. It is further

**ORDERED** that Wilson's § 2255 motion is dismissed.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 12, 2005

---

[1] Because this is a successive motion pursuant to section 2255, this case is not controlled by United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).

2

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.